AARON WHITE, RESPONDENT, *v.* THE UTICA AND BLACK RIVER RAILROAD COMPANY, APPELLANT.

*Railroad company—failure of, to maintain cattle-guards near highway—Rate of speed of train —when immaterial.*

Where a railroad company has failed to construct and maintain suitable and sufficient cattle-guards near the outer line of the highway, they being thirty-five feet from such outer line, it is not relieved from liability for a cow killed by one of its trains, by the fact that the cow was running at large and strayed upon the track at the highway crossing.

Upon the trial of this action brought to recover damages for the killing of plaintiff's cow caused by the defendant's not maintaining proper cattle-guards, one of plaintiff's witnesses was allowed to state, against defendant's objection and exception, that the train was running at the rate of fifteen miles an hour. The defendant's counsel asked the court to charge "that, in view of the facts of the case, the rate of speed had nothing to do with this case." *Held,* that it was error to refuse so to charge.

APPEAL from a judgment, in favor of the plaintiff, entered in Oneida county upon the verdict of a jury.

The action was brought to recover damages for a cow of plaintiff killed by defendant. The cow was running at large in the highway and strayed to the crossing, and was in the centre of the track and in the highway when the whistle was blown. She was startled by the whistle, and started along the highway toward one Davis' house, and his dog started after her and drove her back, and she turned down the track and was struck by the engine. She was about to jump the cattle-guard, when she was struck by the pilot. Evidence was offered, on the part of the plaintiff, tending to show that the guard east of the highway was not at the road crossing but some thirty-five feet from the outer line of the highway. Evidence was offered by the defendant tending to show that the cattle-guard was properly constructed and maintained, and had been maintained there for years, and was proper and suitable for the purposes of its construction.

*A. M. Beardsley,* for the appellant.

*P. C. J. De Angelis,* for the respondent.

Hardin, J.:

The trial court submitted to the jury the question of fact, made by the evidence, as to whether the cattle-guard was suitable and sufficient for the purpose of answering the requirement of the statute, and also a question as to whether the plaintiff's negligence contributed to the result which happened.

If the first proposition had been found in favor of the plaintiff, it was not necessary upon the facts disclosed that the other should have been submitted to the jury. (*Corwin* v. *N. Y. and Erie R. R. Co.*, 3 Kern., 42; sec. 8, chap. 282 of 1854; *Tracy* v. *Troy and Boston R. Co.*, 55 Barb., 532.) In *Spinner* v. *N. Y. C. & H. R. R. R. Co.*, which was tried at the Circuit before me, it appeared that plaintiff's cattle escaped from his close into the highway, and from the highway through a gate maintained by the defendant along the highway and left open by its agents. Upon the finding of those facts by the jury, a judgment was directed by me for the plaintiff for the value of the cattle killed by the defendant. That was affirmed by this department and is reported. (13 N. Y. S. C., 600.) It was held there, viz.: " The mere fact that cattle are found upon the track, without evidence of any right or authority from the company, does not, of itself, establish negligence on the part of the owner of the cattle."

The case was affirmed by the Court of Appeals, and is reported in 67 N. Y., 153. Folger, J., in that case (page 159), says : " The learned judge at Circuit was right in holding that if the defendant had not performed the duty put upon it by the · statute, a right of the plaintiff to recover arose therefrom, and that the negligence of the defendant in not keeping the gate closed at night, was *a failure* to maintain and keep in good repair a fence at the side of its track, *and not a negligence in the* use of its property, such as renders it liable to one injured by its act, in person or estate, only when he is without fault of his own." If · the cattle-guard is not duly made, the liability is declared by the statute. (*Fawcett* v. *The North Midland Railway Co.*, 2 Eng. · Law & Eq. R., 289.)

Upon the trial the plaintiff offered evidence of the speed at which the train passed over the crossing, and it was objected to by the defendant as immaterial, and the objection overruled, and

witnessed answered: "About as usual — fifteen miles an hour;" and the court was requested to charge: "That in view of the facts of the case, the rate of speed has nothing to do with this case." The court replied: "I think I will allow them to take the whole facts, and decline to charge as you request."

The defendant was entitled to have the jury instructed that there could be no recovery predicated upon the idea that the rate of speed had anything to do with establishing the defendant's liability. (1.) It was no greater than the defendant had a right to run its cars at that point. (2.) It did not by any evidence appear to be unusual. (3.) It did not appear that the rate of speed could have made any difference as to the liability of the defendant. (*Warner* v. *N. Y. C. R. R. Co.*, 44 N. Y., 465.)

The language of the trial judge, in refusing the request, may have left the idea in the minds of the jury, that though they found the cattle-guard ample and in compliance with the statute, that the rate of speed at the crossing was a fault of the defendant, for which a recovery could be had.

The defendant was entitled to a definite and specific instruction upon the subject of the speed. It did not have the law laid down in that regard, and the omission may have influenced the jury adversely to the defendant. Therefore the verdict should be set aside and the judgment reversed, with costs to abide a new trial. A new trial should be ordered in the County Court, with costs to abide the event.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment and order reversed, and new trial ordered in the County Court, with costs to abide event.